862 F.2d 313
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Paul E. GULLET, Plaintiff-Appellant,
v.
Ralph PACKARD, Warden, Officer C. Perry, an Unnamed Officer,
an Unnamed Officer, Defendants-Appellees.
 No. 88-6017.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 29, 1988.
Decided Nov. 1, 1988.
 
 Paul E. Gullet, appellant pro se.
 Before WIDENER, K.K. HALL, and JAMES DICKSON PHILLIPS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Paul Gullet, a Maryland inmate, appeals the district court's order denying his motion to supplement the original pleadings and dismissing his original complaint. We affirm.
 
 
 2
 * In Gullet's original complaint, he claimed that he had been denied medical treatment for his serious medical needs and that correctional officers negligently left open cell doors while Gullet was away, resulting in the theft of his personal property.[1] Gullet attempted to supplement his original complaint with a supplemental complaint. In this supplement Gullet restated his earlier claims and raised new claims that (1) he was denied access to the courts; (2) he was transferred to another prison improperly; (3) he was selectively prosecuted for a disciplinary matter; (4) his right to attorney/client confidentiality was breached; (5) he was subjected to improper reprisals for his complaints; (6) prison officials were negligently refusing to correct these problems; and (7) conditions of his confinement amounted to cruel and unusual punishment.[2] Gullet also sought the assistance of counsel.
 
 
 3
 The district court denied leave to amend the original complaint because it construed the supplemental claims to be "in no way" related to the original claims and suggested the new claims were more properly raised in a new lawsuit. In regards to the merits of the original complaint, the district court dismissed the medical claim on the basis of our decision in Calvert v. Sharp, 748 F.2d 861 (4th Cir.1984), cert. denied, 471 U.S. 1132 (1985), and dismissed the negligence claims on the basis of Daniels v. Williams, 474 U.S. 327 (1986).
 
 II
 
 4
 We review the district court's order denying leave to supplement his original claim under the abuse of discretion standard. See Fed.R.Civ.P. 15(d). In the circumstances presented here, we find no abuse of discretion. We note that the supplemental claims are only tangentially related to the original complaint and there is no bar to raising these claims in another lawsuit. Therefore, we hold that the district court acted within its discretion in denying leave to supplement the claim.
 
 II
 
 5
 In regards to the merits of the original complaint, we hold that the district court properly dismissed the complaint pursuant to 28 U.S.C. Sec. 1915(d). Initially, we approve the reasoning of the court in dismissing the negligence claim. Negligence by prison officials does not state a constitutional violation. Daniels v. Williams, supra.
 
 
 6
 Moreover, Gullet's medical claim was properly dismissed. While the reliance of the district court on Calvert v. Sharp, supra, is misplaced, based on the Court's recent decision in West v. Atkins, 56 U.S.L.W. 4664 (U.S. June 20, 1988) (No. 87-5096), we approve the result. See Helvering v. Gowran, 302 U.S. 238, 245 (1937). We observe that Gullet has only presented facts showing a disagreement over the treatment administered. This showing fails to establish deliberate indifference on the part of prison officials and is insufficient to allege a constitutional violation. See Wright v. Collins, 766 F.2d 841 (4th Cir.1985).
 
 
 7
 Finally, we also agree that Gullet was not entitled to the appointment of counsel. The case presented is not complex and Gullet has demonstrated ability to represent himself.
 
 
 8
 Accordingly, we affirm the district court's orders below. We dispense with oral argument because the issues presented have been authoritatively decided recently.
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 Gullet does not allege that prison officials or guards committed the theft themselves
 
 
 [2]
 These complaints include allegations concerning inadequate supervision of inmates to prevent violence; disregard of medical needs; indecent food; limited access to a classification officer; lack of communication between prison officials and inmates; unwillingness of prison administration to admit its problems; lack of opportunity for rehabilitation and education; filthy showers; health and sanitation problems; lack of opportunity for recreation and exercise; negligent delivery of mail; inadequate law library; limited resources to file legal documents; excessive noise levels; leaks in the roof; inadequate heat; and inadequate lighting